IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TERRY VANTREECE WILSON,

    Plaintiff,

v.                                         CIVIL ACTION NO.: CV512-130

LOUISE H. WHITE, LPN,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Jenkins Correctional Center in Millen, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Coffee County Jail in Douglas, Georgia. Defendant White filed a Motion for Summary Judgment. Plaintiff responded to this Motion. Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant, the head nurse at Coffee County Jail, would not provide him with medication for his back pain. Plaintiff contends that he received this medication from jail personnel until 2012, at which time he was told he had to get his medication from the store. Plaintiff also contends that he was warned that taking ibuprofen (which is apparently the medication at the store) could damage his liver. Plaintiff asserts that his back pain is getting worse, he can barely stand for count or meal times, and it takes him five (5) or more minutes to get anywhere.

AO 72A
(Rev. 8/82)

Defendant asserts that Plaintiff did not have a serious medical need, nor was she deliberately indifferent to any of Plaintiff's medical needs. Defendant also asserts that she is entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining

2

whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant asserts that there is nothing in the record indicating that Plaintiff's alleged back pain required ongoing or future treatment. Defendant also asserts that Plaintiff's own assertions reveal that he only made one complaint to Defendant. Defendant alleges that Plaintiff has requested treatment for several medical issues since Defendant allegedly ignored his back pain complaint, yet Plaintiff never mentioned having back pain. Defendant contends that Plaintiff cannot show that she responded in an objectively unreasonable manner because she would not give Plaintiff free ibuprofen. Defendant asserts that there is no evidence to support Plaintiff's claim that she knew Plaintiff had back pain and refused to give him pain medication for this condition.

Plaintiff asserts that Defendant "did know of [his] back pain especially if the other nurses and [doctors] know." (Doc. No. 36, p. 2).[1] Plaintiff also asserts that the two (2) doctors at the Jail between 2008 and 2009 prescribed 800 milligrams ibuprofen or tramadol for his back pain to be taken twice a day. Plaintiff contends that he believes Defendant began working at the Jail in 2011, at which time "the [J]ail still provided [him] pain medication for his back." (Id. at p. 4). Plaintiff states that he "know[s] for a fact that [Defendant] knew [and] reviewed [his] medical history at the [J]ail." (Id.). Plaintiff also states the he told "medical personnel" that he was given loracet for back pain in 2012,

---

[1] The majority of Plaintiff's Response contains assertions which are not related to the contentions set forth in this cause of action, and Plaintiff refers to several individuals who are not named Defendants.

3

and he "guess[es] . . . medical personell(sic) decided not to write any pain medication down cause(sic) they were not planning on dispensing any." (Id.). Finally, Plaintiff asserts that he was diagnosed as having a herniated disk in his lower back in 2000 and a degenerated disk in 2007.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id.

4

(quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. It is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment).[2]

The evidence before the Court reveals that Plaintiff stated that he had and/or had been treated for a bad back, and Plaintiff made this statement to Nurse T. Bass on September 10, 2012. (Doc. No. 28-4). On this same date, Plaintiff reported to Nurse Bass that he was worried about his wife but made no mention of any of his medical conditions. (Doc. No. 28-8, p. 14). Plaintiff denied any medical problems on September 11, 2012, and there was no notation in Plaintiff's medical records for this date indicating

---

[2] Plaintiff was a pre-trial detainee during the relevant time period. A claim that a pretrial detainee has been denied adequate medical care is properly addressable under the Due Process Clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with basic necessities as food, living space, and medical care the minimum standard allowed by the Due Process Clause is the same as that allowed by the Eighth Amendment for convicted persons." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir. 1985). Because the Eleventh Circuit has held that the minimum standard for the provision of basic necessities, including medical care, is the same for convicted prisoners under the Eighth Amendment and for pretrial detainees under the Fourteenth Amendment, it is appropriate to examine Eighth and Fourteenth Amendment decisional law concerning Plaintiff's claim. See Lancaster v. Monroe Cnty., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) ("Because both Eighth Amendment cases and Fourteenth Amendment cases establish what constitutes 'deliberate indifference,' we will rely upon decisions in both types of cases.").

AO 72A
(Rev. 8/82)

that he had been prescribed any medications. (Doc. No. 28-8, pp. 11–12). Plaintiff was seen by Nurse S. Brockington on September 13, 2012, after Plaintiff filled out a sick call request for "blood pressure medication [and] to let your staff know all of my medical problems[.]" (Id. at p. 25). Plaintiff complained about having pain due to an abscessed tooth and problems with a hernia. (Id. at p. 26). Nurse Brockington verified with a pharmacy that Plaintiff was taking blood pressure medications. (Id. at p. 29). Plaintiff was seen on September 27, 2012, due to pain stemming from an abscessed tooth. (Doc. No. 28-7). On October 21, 2012, Plaintiff complained to Defendant about his hernia "acting up different than it has before[.]" (Id. at p. 31). On October 29, 2012, Plaintiff complained about his hernia "popping out" and was in pain. (Doc. No. 28-8, p. 1). Plaintiff was given 400 milligrams of ibuprofen twice daily from September 13–20, 2012 (for tooth pain), from January 8–15, 2013 (due to tooth pain), and from January 31–February 7, 2013 (for low back pain, as recorded by Doctor Anderson). (Id. at pp. 2, 7–8, 18–19, 34).

There is nothing before the Court which reveals that Defendant was aware that Plaintiff alleges to have been suffering from back pain, that Plaintiff's alleged back pain was a serious medical need, or that Defendant was deliberately indifferent to Plaintiff's serious medical need. Defendant specifically denies having any knowledge of Plaintiff's alleged back pain based on her statement that the record contains no information relating to back pain or pain medication. (Doc. No. 28-1, p. 4; Doc. No. 28-2, pp. 3–4). Plaintiff sets forth nothing to dispute Defendant's statements or her evidence in support of her Motion. The undersigned notes Plaintiff's contentions that he "believe[s] there are medical records in [a doctor's] office [and] at the County Jail" and that he is "waiting

6

for depositions given to medical personel(sic) to prove [his] points[.]" (Doc. No. 36, p. 2). However, summary judgment is the time to "put up or shut up" rather than resting on bare allegations. Purser v. Donald, No. CV605-33, 2006 WL 2850428, at *4 (S.D. Ga. Sept. 28, 2006) (when confronted by a summary judgment record developed under Federal Rule of Civil Procedure 56, the plaintiff is required to "put up or shut up" on his evidence, rather than rely on bare allegations). At best, the evidence before the Court reveals that Plaintiff made a statement about having back pain to a medical care provider other than Defendant. This is insufficient evidence to create a genuine dispute as to any fact material to Plaintiff's deliberate indifference claim.

As Plaintiff has not sustained his Eighth Amendment claim, it is not necessary to address the remaining portion of Defendant's Motion. Martinez v. Burns, 459 F. App'x 849, 851 (11th Cir. 2012) (qualified immunity defense need not be address if the plaintiff cannot sustain a constitutional violation).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of March, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

7